UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

STAR POWELL,

    Plaintiff,

v.

MSI CREDIT SOLUTIONS, LLC,

    Defendant.

Case No. 2:25-cv-11252

## COMPLAINT

**NOW COMES** STAR POWELL ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of MSI CREDIT SOLUTIONS LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Credit Repair Organizations Act ("CROA"), pursuant to 15 U.S.C. § 1679 *et seq.*, the Michigan Credit Services Protection Act ("MCSPA"), M.C.L. § 455.1821, the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901, breach of contract, and breach of fiduciary duty.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §§ 1331 and 1337(a), as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff lives in the Eastern District of Michigan, Defendants conduct business in the Eastern District of Michigan,

1

and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

5. Plaintiff is a consumer over 18 years-of-age residing in Farmington, Michigan.

6. Defendant is a credit repair organization that offers student loan relief services to consumers. Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 4651 SW 34th St., Suite C, Orlando, Florida 32811. Defendant's website promises consumers to "start living debt free faster and protect your credit with our debt solutions."[1]

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In December 2023, Plaintiff was interested in improving her credit scores by addressing her student loan debts that were appearing on her credit reports.

9. Plaintiff happened upon Defendant MSI Credit Solutions due to its representations on TikTok that it could help individual consumers who seek credit repair and debt resolution.

10. Plaintiff was promised that Defendant would be able to negotiate down her debts and eventually improve her credit scores.

11. Moreover, to entice Plaintiff into signing up for its services, Defendant misled Plaintiff to believe that it would take over the process of resolving her debts and that she should

---

[1] http://relyonpinpoint.com/

2

cease making payments on her existing obligations. However, Defendant failed to adequately disclose the true costs associated with its services.

12. On February 8, 2024, Plaintiff entered into a contract with Defendant MSI Credit Solutions for the provision of credit repair and debt negotiation services. The agreement enrolled Plaintiff's debts into Defendant's program to be reviewed, negotiated, and resolved. Plaintiff detrimentally relied on Defendant's false promises.

13. Before any meaningful work occurred, Plaintiff paid Defendant an initial fee of approximately $1,600, followed by ongoing monthly fees of approximately $350, totaling between $3,000 and $5,000.

14. Plaintiff proceeded to make her monthly payments to Defendant on a consistent and timely basis.

15. Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's credit repair and student loan services.

16. Furthermore, Defendant repeatedly suggested to Plaintiff that it was working on reducing her student loan payments, however, Defendant's conduct in this regard deceptively and misleadingly represented the extent to which student loan payments can be reduced.

17. Dissatisfied with the significant sums of money paid for deficient credit repair services, Plaintiff cancelled her contract with Defendant in or around March 2024. In total, Plaintiff paid Defendant between $3,000 and $5,000 for promises Defendant failed to fulfill.

18. Despite making timely monthly payments, Plaintiff saw no overall improvement with respect to debt resolution or credit repair as represented by Defendant.

19. Frustrated, distressed, and concerned over Defendant's conduct Plaintiff felt that she had added a further burden to herself and decided to speak with the undersigned counsel regarding her rights.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT

21. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA because she is an individual that sought and obtained credit repair services.

23. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    **a. Violations of CROA § 1679b(a)(3) and (a)(4)**

24. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from

4

"engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

25. Defendant violated of §§ 1679b(a)(3) and (4) by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of Plaintiff's interests.

      b.     **Violations of CROA § 1679b(b)**

26. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

27. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant's practice of charging a monthly fee, before such services are performed, is inherently in violation of the CROA. Defendant similarly withheld sums for services it never actually performed.

      c.     **Violations of CROA § 1679c**

28. The CROA, pursuant to 15 U.S.C. § 1679c, outlines the disclosures that must be provided to consumers as well as when and how such disclosures must be provided.

29. Defendant violated the above provision of the CROA through its failure to provide the written disclosures required by the CROA in the manner required.

      **d.**      **Violations of CROA § 1679d**

30.      The CROA, pursuant to 15 U.S.C. § 1679d, outlines various requirements for the contracts between credit repair organizations and consumers, including "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679d(b)(4).

31.      Defendant violated § 1692d(b)(4) of the CROA through its failure to contain the required disclosure in bold face type in immediate proximity for the place reserved for Plaintiff's signature on the contract.

32.      As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    a.      A judgment in Plaintiff's favor for Defendant's violations of the aforementioned sections of CROA;

    b.      An award of actual damages pursuant to 15 U.S.C. § 1679g(a)(1);

    c.      An award of punitive damages pursuant to 15 U.S.C. § 1679g(a)(2)(A);

    d.      An award of Plaintiff's attorney's fees and costs pursuant to 15 U.S.C. § 1679g(a)(3); and

    e.      Any further relief the Honorable Court finds to be just and appropriate.

**COUNT II – VIOLATIONS OF THE MICHIGAN CREDIT SERVICES PROTECTION ACT**

33.      Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

34. Plaintiff is a "buyer" as defined by M.C.L. § 445.1822(a) because she is an individual who sought and obtained the services of a credit services organization.

35. Defendant is a "credit services organization" as defined by M.C.L. § 445.1822(b) because it represents that it can improve a buyer's credit rating in exchange for the payment of money.

    a.    **Violations of MCSPA § 445.1823**

36. The MCSOA, pursuant to M.C.L. § 445.1823(b), prohibits a credit services organization from charging or receiving "money or other valuable consideration before completing performance of all services the credit services organization has agreed to perform for the buyer."

37. Defendant violated the above referenced provision in much the same way it violated § 1679b(b) of the CROA discussed above.

38. Specifically, Defendant violated M.C.L. § 445.1823(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant's practice of charging a monthly fee, before such services are performed, is inherently in violation of the CROA.

39. The MCSOA, pursuant to M.C.L. § 445.1823(d), prohibits a credit services organization from "[m]ak[ing[ or us[ing) any untrue or misleading representations in the offer or sale of the services of a credit services organization."

40. Defendant violated the above referenced provision by advising Plaintiff to cease all payments to her creditors and further assuring her that its services would subsequently increase her credit score. Plaintiff detrimentally relied on Defendant's instruction as she ceased payments to her creditors and her credit scores ultimately decreased as a result of Defendant's deficient services.

41. Moreover, Defendant violated the above referenced provision by misrepresenting the nature of its services to induce Plaintiff's enrollment and subsequently misleading Plaintiff throughout the duration of such services as a means of retaining her monthly payments. Defendant failed to provide Plaintiff with the necessary assistance in resolving her outstanding debts and maintain quality creditworthiness after assuring Plaintiff it would provide the same.

42. Defendant's misleading conduct is against public policy because it created the false impression that Defendant was handling her financial and credit records properly while the consumer believes Defendant has their best interest.

43. Upon information and belief, Defendant systematically engages in misleading and deceptive practices, as described herein, in an effort to maximize profits at the expense of Michigan consumers.

44. As pled above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the MCSOA;

b. Awarding Plaintiff actual damages pursuant to M.C.L. § 445.1824(1);

c. Awarding Plaintiff punitive damages pursuant to M.C.L. § 445.1824(1);

d. Award Plaintiff's reasonable attorney's fees and costs pursuant to M.C.L. § 445.1824(1); and,

e. Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT III–VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT

45. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

46. Plaintiff is a "person" as defined by M.C.L. § 445.902(1)(d), because she is an individual who sought and obtained credit improvement services.

47. Defendant is a "person" as defined by M.C.L. § 445.902(1)(d) because it is a business entity.

48. Defendant's debt settlement services are governed by the Michigan Consumer Protection Act ("MCPA") due to Defendant's offering and sale of its services directly and indirectly to the people of Michigan.

49. The MCPA, pursuant to M.C.L. § 445.903, prohibits "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce…"

50. Defendant violated M.C.L. § 445.903 by, *inter alia*, unfairly and deceptively (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the program; (2) failing to provide legal and debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of Plaintiff's interests.

51. Defendant further violated M.C.L. § 445.903 by implicitly and/or explicitly representing to Plaintiff that its services would improve Plaintiff's credit score when it knew that Plaintiff's credit score would decrease due to missed payments.

52. Despite Plaintiff having made available sufficient funds for Defendant to begin resolving Plaintiff's debts and improving her credit score, Defendant failed to engage in any of the services it represented it would perform for Plaintiff, instead deceiving Plaintiff for her monthly payments without providing any of the services it represented it would perform.

53. Plaintiff heavily relied on all of the aforementioned false statements to her detriment.

54. Defendant's conduct was unfair and deceptive because Defendant misled Plaintiff into trusting that Defendant would act in her best interests and resolve her debts in a timely fashion.

55. Upon information and belief, it is Defendant's business practice to mislead consumers into believing that their debt would be promptly resolved and that their credit scores would improve.

56. As pled above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in favor of Plaintiff for Defendant's violations of the MCPA.

b. An award of actual damages pursuant to M.C.L. § 445.911(2);

c. An award of punitive damages pursuant to M.C.L. § 445.911(2);

d. An award of Plaintiff's reasonable attorney's fees and costs pursuant to M.C.L. § 445.911(2); and,

e. Any further relief the Honorable Court deems just and appropriate.

## COUNT IV – BREACH OF CONTRACT

57. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

58. The contract for debt settlement services between Plaintiff and Defendant is a valid and enforceable contract.

59. The elements of breach of contract are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.

60. Defendant breached its contract with Plaintiff by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the program; (2) failing to provide legal and debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of Plaintiff's interests.

61. As set forth above, Plaintiff suffered damages as a result of Defendant's breach of contract.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. Declaring that Defendant breached the underlying contract;

b. Awarding Plaintiff actual damages;

c. Awarding Plaintiff punitive damages; and,

d. Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT V – BREACH OF FIDUCIARY DUTY

62. Plaintiff repeats and realleges all previous paragraphs as though fully set forth herein.

63. Defendant owed Plaintiff a fiduciary duty arising out of the nature of this relationship.

64. Defendant owed Plaintiff a fiduciary duty because Plaintiff reposed a special confidence in Defendant and Defendant was bound to act in good faith and with due regard of Plaintiff.

65. Specifically, Plaintiff entrusted Defendant with her money and to use her money in a responsible manner to settle her debts.

66. Defendant breached its fiduciary duty to Plaintiff by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the program; (2) failing to provide legal and debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract; and (5) putting its financial interests ahead of Plaintiff's interests.

67. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in Plaintiff's favor for breach of fiduciary duty;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Awarding any other relief as the Honorable Court deems just and appropriate

Dated: April 30, 2025                                      Respectfully submitted,

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave.
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com